Argued and submitted April 24, 1991, reversed and remanded January 22,
reconsideration denied June 24, petition for review denied August 25, 1992
(314 Or 176)

# STATE OF OREGON,
*Appellant,*

*v.*

# SUNG SUK KIM,
*Respondent.*

## (89-11-33088; CA A64246)

824 P2d 1161

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ingrid MacFarlane, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

Joseph, C. J., dissenting.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Defendant is charged with the intentional murder of Ha Kil Kim.[1] ORS 163.115. The trial court granted defendant's pretrial motion to exclude evidence that defendant murdered his wife and abused her while she was alive. The state appeals, ORS 138.060(3), and we reverse.

The state put on considerable evidence in an offer of proof about the murder of defendant's wife, as well as the homicide of Ha Kil. Defendant does not dispute the evidence for the purposes of the motion.

Defendant allegedly killed Ha Kil while the two men were on a hunting trip in Eastern Oregon. The initial investigation, and defendant's statements to the police, seem to indicate that Ha Kil was accidentally shot, perhaps by an intoxicated hunter. Three months after Ha Kil's death, defendant's wife was murdered by strangulation in Multnomah County. At the time of the omnibus hearing, defendant was a prime suspect in his wife's murder but had not been charged with it. He was later indicted for that homicide. Just before his wife's death, defendant had taken out a $300,000 life insurance policy on her life, with himself as the beneficiary.

The state made an offer of proof, that defendant had shown a romantic interest in Ha Kil's wife before the death of Ha Kil. Both couples were members of the Korean Baptist Church, which strongly disapproves of divorce. After the deaths, defendant began openly courting Ha Kil's wife. They looked at homes to purchase, exchanged expensive gifts and requested permission from the pastor of their church to marry. The state also offered evidence that defendant's marriage was troubled and that he beat and otherwise abused his wife.

The trial court concluded that the state had shown by a preponderance of the evidence that defendant had killed his wife but that the standard was proof by clear and convincing evidence, a burden that the court said that the state had not met. The court added that, even if preponderance of the evidence was the proper burden of proof, "the hostility,

---

[1] Several of the persons involved in this case have the last name Kim. Not all of them are related.

anger, and inflammatory effect of the defendant's wife's death, and resulting prejudice outweighs the probative value." *See* OEC 403. The court found that the value of the evidence to establish the identity of Ha Kil's murderer or that he was intentionally killed was weak because of the lack of similarity between the two murders. The court also concluded that, because the state could introduce evidence of defendant's romantic interest in Ha Kil's wife, the need for the challenged evidence was lessened.

■　　If evidence is relevant to prove something that the party offering it is entitled to prove, it is admissible, unless it is excluded under some other rule of law or is constitutionally prohibited. OEC 402. If the proffered evidence is of other crimes, wrongs or bad acts, it is not admissible to prove the character of the defendant to show that he acted in conformity with that character trait. If the other crime evidence is offered for other reasons, the primary inquiry is whether it is relevant. Even if relevant and otherwise admissible, that evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." OEC 403.

The first inquiry is whether the evidence is relevant, *i.e.*, whether it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401.

The evidence was offered as direct proof of defendant's plan to kill his wife, to murder Ha Kil and then to marry Ha Kil's wife. Proof of his plan would be probative that Ha Kil was not killed in a hunting accident, that defendant was the killer and that Ha Kil was intentionally murdered. In other words, the state's theory is that Ha Kil was murdered as part of defendant's overall plan to marry Ha Kil's wife. The evidence that the state seeks to offer is not evidence of a crime extraneous to the one charged that is offered as indirect, circumstantial evidence of intent or identity. *See State v. Pinnell*, 311 Or 98, 806 P2d 110 (1991); *State v. Johns*, 301 Or 535, 725 P2d 312 (1986); *State v. Collins*, 73 Or App 216, 698 P2d 969 (1985). The evidence of defendant's involvement in his wife's death, his romantic interest in Ha Kil's wife and his abusive relationship with his own wife are relevant to

prove what the state is entitled to prove, and in fact must prove to sustain the charge: Defendant was the person who intentionally shot and killed Ha Kil.

There is a preliminary question of fact for the trial court to resolve before evidence of a crime other than the one charged may be admitted. *See* OEC 104(2). The evidence code does not specify the standard of proof for the proponent of the evidence to establish the preliminary question of fact. The trial court held that the state must show defendant's involvement in his wife's murder by clear and convincing evidence. In two recent cases, the Supreme Court has used preponderance of the evidence as the appropriate standard. In *State v. Pinnell, supra,* the court approved that standard for admitting other crimes evidence to show identity under the "signature crime" rationale. In *State v. Carlson,* 311 Or 201, 808 P2d 1002 (1991), the court held that the preponderance standard applies to preliminary questions under OEC 104(1). The preliminary question of fact here goes to relevance under OEC 401 and OEC 402. The evidence is not relevant, if defendant is not connected to his wife's murder. We conclude that that connection must be shown by a preponderance of the evidence.

The first basis that the trial court used to exclude the evidence was that the state had not established by clear and convincing evidence that defendant had killed his wife. The court erred in that analysis, but it also found that the state had met the preponderance of the evidence burden, which we hold is sufficient to allow admission of the evidence as relevant.

The alternative basis of the trial court's ruling is that, even if relevant and otherwise admissible, the evidence was unduly prejudicial and thus to be excluded under OEC 403. In *State v. Johns, supra,* the court suggested a five-step analysis in the weighing process under OEC 403: (1) The need for the evidence; (2) the certainty that the other crime was committed and that the defendant was the actor; (3) the strength or weakness of the evidence; (4) its inflammatory effect on the jury; and (5) how time consuming and distracting proof of the other crime would be.

In the first step, the trial court must assess the proponent's need for the evidence. It is difficult for a trial court to make such an assessment when the motion provoking the inquiry is made before trial, because, in part, the need is assessed in relation to what has to be proven and what other evidence is available. The decision of the proponent of the evidence about the need for it ought to be given considerable deference. A party should be able to develop its own theory and offer evidence for it. The trial court concluded that, because the state could show defendant's romantic interest in the victim's wife, that was all it needed to show so there was no need for evidence of the other murder. That was not the whole of the state's theory. Although the theory was based on the ultimate motive of defendant to have himself and the victim's wife free to marry each other, the evidence that the court found sufficient for that is a very weak reed. When the court assesses the need for evidence, the state should not be forced to adopt another theory of prosecution that has considerably less chance of success. There were no witnesses to the killing, it had the appearance of a hunting accident and defendant's involvement is based on circumstantial evidence. There is a clear need for the evidence to establish the elements of identity of defendant as the killer and the intent with which he killed Ha Kil.

"In the second step, the judge determines how clearly the proponent has proven that the defendant committed the uncharged act." *State v. Johns, supra,* 301 Or at 558. The trial court found that the state had proven by a preponderance of the evidence that defendant's wife was murdered and that defendant is the killer. That is sufficient.

The third step of the analysis is the strength of the evidence to prove what it is offered to prove. The issues the state intends to prove with the evidence are the identity of defendant as the killer and his intent. The evidence offered is very strong on those issues, because it goes to establish that defendant killed Ha Kil as part of a plan.

■ In *State v. Johns, supra,* the court said:

"In considering the fourth step, the judge must determine whether to exclude logically relevant evidence if it is too prejudicial or inflammatory. In this context, prejudicial has a limited meaning. Evidence is prejudicial under OEC 403 if it

will tempt the jury to decide the case on an improper basis. Prior crime evidence is prejudicial if it invites the jury to resolve the case on the improper basis that the defendant is a bad person." 301 Or at 558.

In deciding that the prejudicial impact outweighed the probative value, the trial court appeared, however, to evaluate the evidence on bases that we have determined are wrong. It first erroneously concluded that the state had to prove the other crime and defendant's involvement by clear and convincing evidence and that, therefore, the evidence had little probative value. The court also addressed the strength of the evidence by comparing the similarities of the two crimes. The evidence was not offered to prove intent or identity by comparing two unrelated crimes. *See State v. Pinnell, supra.* It was offered to prove that the two crimes were part of a single plan. The similarities or differences between the two murders are not a material consideration.

OEC 403 requires that the probative value be "substantially outweighed by the danger of unfair prejudice." As already said, there is a clear need for the evidence, and its probative value is high. The danger that the jury would only conclude that defendant is a bad man and not that he was actually involved in a plan to murder Ha Kil is low. Under those circumstances, we conclude that the court abused its discretion by rejecting the evidence under OEC 403.

■ The final question is how time consuming and distracting the other crime evidence will be. Because the evidence is central to the state's case and is not about a collateral or tangential event, this step is not material.

The court also excluded evidence of defendant's abusive relationship with his wife. It said that defendant's marital problems were not relevant and

"the probative value is outweighed by the time that it's going to take to bring all of that out and we're going to—we're going to be trying a domestic relations case between the defendant and his wife instead of the basic issue of whether or not this defendant killed the alleged victim in this case."

The court also said that the jury may wonder why defendant's wife did not appear to testify about their relationship and someone might slip and disclose that she is dead.

Evidence of the relationship between defendant and his wife is relevant to the state's theory for the same reason that evidence about his wife's murder and his interest in Ha Kil's wife is relevant. It is one of the component parts of proof of the plan that the state contends defendant was following. Some of the concerns expressed by the trial court will be obviated by admission of evidence of defendant's wife's murder. The court abused its discretion in excluding the evidence.

Reversed and remanded.

**JOSEPH, C. J.,** dissenting.

I agree that "preponderance of the evidence" is the proper standard for a trial court to apply to preliminary questions of fact in determining the admissibility of evidence. However, the trial court here found that, even if that were the proper standard, the evidence was inadmissible for other reasons. Therefore, deciding that issue should not affect the outcome.

The majority is also concerned about the trial court's choice to apply that standard to test the similarity between the crime charged and the defendant's alleged "other bad act" that the state proposes to present as evidence of intent and identity. That concern is misplaced. *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), expressly requires a 6-step test when evidence of other bad acts is offered to show intent. I concur with the majority's reasoning that the Supreme Court did not intend that test to be applied whenever *any* evidence of other bad acts is offered to show intent; it applies only when other *similar acts* are offered to prove intent *as an inference from* the similarities. The trial court in this case did not need to consider whether similarities between the crimes outweighed the differences. However, that it did so was harmless.

The majority seems to believe that, because the court examined the similarities, it could not have properly evaluated the probative weight of the evidence or the extent to which the state needed that evidence to prove its case. Therefore, the majority concludes, the trial court could not have properly weighed the probative value of the evidence against its prejudicial effect. The majority is mistaken. The trial judge

observed that the state did not need the evidence of defendant's participation in his wife's death to show that he intended to kill Ha Kil, because "no one can plausibly maintain [that that shooting] was a hunting accident or a mistaken identification of an elk." The court did *not* say that the state did not need the evidence to show intent because the acts were too dissimilar for the evidence to have sufficient probative value. Thus, even if the court had applied only the OEC 403 balancing test to determine whether the evidence was admissible to show intent, it still could (and would) have found the evidence inadmissible.

Moreover, the court also tested the evidence independently for admissibility to show defendant's motive as evidence that he was the killer.[1] That requires *only* the balancing of probative value against prejudicial effect, using the factors recited in *State v. Johns, supra*, 301 Or at 557-58. The court found that the evidence was not admissible, because the state had other evidence that was sufficient to prove that defendant had a motive to kill Ha Kil as part of a plan and that "the cumulative effect is inflammatory, unduly prejudicial, will certainly blacken defendant's character, and cause immediate conviction by a jury." The court demonstrated that, by even the least stringent test for admissibility, the prejudicial effect of the evidence outweighs its probative value.

The majority concludes that the probative value is "high" to show that defendant killed Ha Kil as part of a plan. However, it does not explain how evidence that defendant killed his wife *adds* anything to the other evidence available to prove the existence of a plan. It then concludes that the prejudicial effect of the evidence is "low." It seems to reason

---

[1]   "In common usage intent and 'motive' are not infrequently regarded as one and the same thing. In law there is a distinction between them. 'Motive' is the moving power which impels to action for a definite result. Intent is the purpose to use a particular means to effect such result. 'Motive' is that which incites or stimulates a person to do an act." *Black's Law Dictionary* 914 (5th ed 1979).

Evidence of motive, when combined with evidence of means and opportunity, is sufficient to prove the identity of the perpetrator of a crime. If identity is established, other acts evidence of motive may support an inference that the defendant committed the criminal act intentionally. *See* Kirkpatrick, *Oregon Evidence* 154-55, 158 (2d ed 1989).

that the greater the probative value of certain evidence, the less prejudicial will be its admission. The Supreme Court has pointed out that "[p]robative value and prejudice exist independently." *State v. Mayfield*, 302 Or 631, 646, 733 P2d 438 (1987). Even if particular evidence *conclusively* could prove a material fact, it *may* still be too prejudicial to admit into evidence. The trial court properly recognized and maintained the distinction, but the majority would not.

The majority improperly substitutes its own discretion for that of the trial court. A trial judge errs if he "fails to exercise discretion, refuses to exercise discretion or fails to make a record which reflects an exercise of discretion." *State v. Mayfield, supra*, 302 Or at 645. "[T]rial judges are granted broad discretion when findings are made on the record" to explain how they weighed probative value and prejudicial effect. 302 Or at 647. The majority merely concludes that "there is a clear need for the evidence"; it does not explain why it is needed. The trial judge did not think that the need was clear at all. In contrast to the majority, he provided a reasoned explanation for concluding that the state did *not* need the evidence, and he explained his reasoning and supported his balancing of prejudice against probative value with references to evidence in the record. Therefore, the trial court did not abuse its discretion and should be affirmed.