Argued and submitted December 22, 1998, reversed and remanded May 12, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES SHEETS,
*Appellant.*

## (CR96-067; CA A97875)

981 P2d 815

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jennifer Scott Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## EDMONDS, P. J.

Defendant appeals from his convictions for rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree, involving a five-year-old female victim. ORS 163.427. We reverse and remand.

Before defendant's trial, the state sought to have the trial court rule admissible under OEC 404(3)[1] evidence that defendant had previously sexually abused an eleven-year-old female child. The state argued that the evidence of the prior incident was relevant to prove that defendant had touched the victim in this case "with sexual intent" while bouncing the child on his stomach. Defendant countered that the evidence was being offered to prove only that he has the disposition to engage in sexual activities with minor females. The trial court overruled defendant's objection and allowed the state to present evidence of the incident with the eleven year old as part of its case-in-chief. On appeal, defendant's only assignment of error is to that pretrial ruling of the court.

We consider only the evidence before the trial court at the pretrial hearing. In the summer of 1993, defendant lived with the victim's family and provided babysitting for them. During that time, defendant also babysat for the children of the eleven-year-old's family, who apparently were also staying at the house. Defendant's conviction for attempted sexual abuse occurred after the child reported to authorities that he had attempted to have intercourse with her during that time period. Defendant confessed that he started to "make out" with the child, then went into the bedroom and tried to have intercourse with her. She reported that defendant had been drinking, that she was naked and that defendant was partially clothed when the abuse occurred.

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

As a result of the investigation stemming from the first offense, defendant was charged with the offenses involving this victim. They were alleged to have occurred on or between September 1994 through March 1995. The victim reported that defendant took her to her parent's bedroom and that he tried to put his crotch into her crotch while bouncing her on his stomach on the bed. She said that neither she nor defendant had on pants or underwear. Apparently, defendant stopped after the child told him that he was hurting her.

Under OEC 404(3), evidence of other crimes or wrongs is not admissible to prove that a defendant is the kind of person who commits the types of crimes with which he is charged. However, such evidence may be admissible to prove allegations that the defendant acted intentionally. In this case, the state charged defendant with "intentionally" raping the victim and "knowingly" engaging in deviate sexual intercourse with her and sexually abusing her.[2] By his plea of not guilty to those allegations, defendant put the state to its burden of proof regarding the alleged mental states. Defendant did not testify at the pretrial hearing.

In *State v. Johns*, 301 Or 535, 555-56, 725 P2d 312 (1986), the court established criteria to determine whether proffered "prior bad acts" evidence is relevant under OEC 401[3] to the issue of intent. Those criteria are:

"(1) Does the present charged act require proof of intent?

"(2) Did the prior act require intent?

"(3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4) Was the type of prior act the same or similar to the acts involved in the charged crime?

---

[2] ORS 161.085(7) defines "intentionally" to mean "that a person acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(8) defines "knowingly" to mean "that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists."

[3] Evidence is relevant when it has a tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence. OEC 401.

"(5) Were the physical elements of the prior act and the present act similar?" *Johns*, 301 Or at 555-56.

However, the court also cautioned,

"Trial judges should return to the basic reasons for the inadmissibility of evidence of other crimes, wrongs or acts, which are: (1) such evidence often is irrelevant to prove the conduct in question; (2) the common law and its codification forbids the attempt to prove a defendant guilty by proving the defendant is a bad person or has bad character because of disposition or propensity for committing crimes, wrongs or other bad acts; and (3) even if evidence that a defendant has committed other crimes has some legitimate probative value, the danger of unfair prejudice to the defendant may outweigh any such probative value. * * *

"In examining any evidence to be admitted under OEC 404(3), the trial judge must not jump immediately into the listed categories or exceptions before determining the basic relevancy of the proffered evidence." 301 Or at 549.

The issue in this case is analogous to the issue in *State v. Pratt*, 309 Or 205, 785 P2d 350 (1990), in which the state offered evidence of the prior deliberate rape of another victim to prove an intent to rape the victim. In that case, the court held that the proffered evidence was not relevant to the defendant's intention regarding a different victim because of substantial dissimilarities. *Id.* at 214. Here, as in *Pratt*, the answers to the first two questions posed by the *Johns* criteria are in the affirmative. The question is whether the trial court ruled correctly regarding the final three questions of relevancy.

■■ As there was in *Pratt*, there are similarities between the two crimes. In this case, both crimes involved minor females in defendant's care and both are sex offenses.[4] "However, such similarities cannot be considered in a vacuum,"

---

[4] Defendant views the following dissimilarities as significant:

"With [the eleven year old], defendant admitted sexual contact, but claimed mistake with regard to her identity. In the present case, defendant denied sexual contact, and there was no question about identity. With [the eleven year old], defendant claimed to have become intoxicated before engaging in sexual conduct. In the present case, there was no evidence of alcohol consumption. With [the eleven year old], defendant indicated that, prior to sexual contact, he engaged in conduct that his attorney referred to as 'foreplay,' for lack of a better term. In the present case, there was no evidence that defendant kissed or otherwise fondled the victim before engaging in sexual contact. With [the

and "[d]etermining what constitutes a significant similarity is a matter to be decided on a case-by-case basis." *Pratt*, 309 Or at 214. The similarities in this case between the two crimes have no legal significance under OEC 404(3) unless they have a tendency to make it more probable that defendant acted intentionally or knowingly. At the time of the hearing, all the trial court had before it was defendant's denial that what the victim alleged had occurred and the state's anticipation that the defense would be that "what touching occurred was not done with sexual intent, but for child care." Significantly, the specific circumstances surrounding defendant's intent and the abuse of the victim in this case differ from the circumstances regarding the eleven-year-old victim. Defendant did not engage in any "belly bouncing game" with the eleven year old as part of his child care role before he assaulted her. Aside from its tendency to show that defendant is the sort of person who sexually assaults female children, the 1993 conduct is not probative of an intent to rape the victim or that he was acting with the awareness that he was sodomizing or abusing her. The evidence that defendant had committed a prior sex offense against another young female victim could prove only one fact: that he is a bad person who commits crimes against children. We conclude that the trial court's pretrial ruling was prejudicial error under OEC 404(3).[5]

Reversed and remanded.

---

eleven year old], defendant attempted sexual intercourse in a kneeling position. In the present case, defendant was apparently on his back."

We conclude there is a more fundamental problem with the evidence.

[5] The state argues that the error was harmless because defendant testified at trial that he was playing a game with the victim called "belly bouncing" and that the evidence was relevant to rebut his claim of accident or mistake. However, the fact that the trial court ruled that the state could offer the evidence in its case-in-chief before defendant was required to elect whether to testify demonstrates the prejudicial effect of the pretrial ruling. The state also argues that the evidence would have been admissible under OEC 404(4) regardless of OEC 404(3). We rejected a similar argument in *State v. Dunn*, 160 Or App 422, 981 P2d 809 (1999), and *State v. Pyle*, 155 Or App 74, 82, 963 P2d 721, *rev den* 328 Or 115 (1998).