Argued and submitted February 27, 2002, reversed and remanded for new trial
September 10, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# CARL RICHARD BUNTING,
*Appellant.*

99C47823; A108280

76 P3d 137

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

efore Landau, Presiding Judge, and Brewer, Judge, and Osborne, Judge pro tempore.

LANDAU, P. J.

Osborne, J. pro tempore, dissenting.

## LANDAU, P. J.

Defendant appeals his convictions for sexual abuse in the third degree, ORS 163.415, and furnishing alcohol to a minor, ORS 471.410. He assigns error to the trial court's admission of evidence relating to his 1991 convictions for rape in the third degree and furnishing alcohol to a minor. We agree that admission of the evidence was error and reverse.

Defendant was accused of giving his girlfriend's 14-year-old daughter beer and then touching her breast. The incident was alleged to have occurred in December 1998. Defendant denied the allegation and waived jury trial. Before trial, the state moved for admission of evidence relating to defendant's 1991 convictions,[1] arguing that the evidence was admissible, under OEC 404(3) and *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), to show that defendant intended his actions to result in sexual contact with the victim in this case and to show the plan utilized by him to achieve that result. In opposition to the state's motion, defendant argued that the evidence did not meet the criteria set out in *Johns* and that, in any event, its probative value was outweighed by the risk of unfair prejudice.

The trial court admitted the evidence, with reservations:

"Well I get troubled by these. I'm reading from your memo and my concern is for instance, the factors that are to be considered in determining a probative value versus prejudicial effect, the need for the evidence. My concern is that really all that's happening in these is that you, we're allowing the use of a prior incident that really shows nothing more than their objection, and that is that because he's done this once before, it's highly likely that he's done it this time. Now you can state it in a different way, but that's, it troubles me and that's my concern."

As noted, defendant was convicted.[2]

---

[1] The state withdrew the portion of its motion seeking admission of evidence of other prior acts of defendant, involving a child aged five or six.

[2] During the pendency of this appeal, the parties discovered that, although the audio recording of the proceeding on the state's pretrial motion was available, the audio portion of the trial itself was defective. Defendant moved for an order

On appeal, defendant argues that his theory of defense at trial was not that he touched the victim's breast inadvertently or accidentally, but that he did not touch it at all. He argues that intent therefore was not an issue in the case and that evidence relating to his previous convictions was not relevant. Defendant also argues that the proffered evidence did not meet three of the *Johns* criteria, relating to the respective victims' "class," the type of acts, and the physical elements of the acts. Lastly, defendant again argues that, even if the *Johns* criteria were met, the probative value of the evidence was substantially outweighed by the risk of unfair prejudice.

The state responds that intent is an element of defendant's crimes of conviction and that evidence of his previous crimes was admissible under *Johns* as evidence of such intent. It also argues that, consistently with *State v. Leach*, 169 Or App 530, 9 P3d 755 (2000), *rev den*, 332 Or 632 (2001), the evidence was admissible as evidence of defendant's motive or plan. As to prejudice, the state argues that the probative value of the evidence was not outweighed by the risk of prejudice; the state notes that the case was tried to the court and asserts that, particularly under that circumstance, the evidence met the criteria set out in *Johns* relating to the certainty that the previous crime was committed, the need for and strength of the evidence, its inflammatory effect, and its time consuming or distracting nature.

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Thus, under OEC 404(3), evidence of other crimes is admissible if the evidence is relevant to some issue other than a

---

reversing his convictions and remanding for a new trial. ORS 19.420(3); ORAP 7.30. The state responded that the issue of the admission of the other crimes evidence could be resolved based on the record of the pretrial hearing and that it would stipulate that, if the trial court erred in admitting the evidence, the error was not harmless. Defendant having then indicated that he did not wish to pursue his motion, this court denied it.

defendant's predisposition or propensity to commit a crime or other bad act. *See State v. Dunn*, 160 Or App 422, 426, 981 P2d 809 (1999), *rev den*, 332 Or 632 (2001) (the first task of the trial judge is to determine the relevance of the evidence to the issues being tried; the judge should look at all of the issues in the case).[3] Where evidence of other crimes is offered under OEC 404(3) as relevant to show a defendant's intent, the evidence must meet the five-part test for relevance set out in *Johns*. *State v. Osborne*, 174 Or App 88, 91, 25 P3d 356 (2001). If those criteria are met, the court then determines whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, or presentation of cumulative evidence, as provided in OEC 403. *Johns*, 301 Or at 556. We review the first two determinations, which are relevancy considerations, for errors of law. *State v. Hampton*, 317 Or 251, 254-56, 855 P2d 621 (1993). We review for abuse of discretion the trial court's determination of whether OEC 403 considerations justify the exclusion of relevant evidence. *State v. Barone*, 329 Or 210, 238, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000); *see also State v. Bracken*, 174 Or App 294, 296, 23 P3d 417, *rev den*, 333 Or 162 (2001).

■     Defendant first asserts that the evidence was not relevant because he did not assert at trial that he touched the victim inadvertently or accidentally, and therefore intent was not at issue in this case. As this court noted in *Leach*:

"[T]here is a substantial and unresolved question as to whether 'prior bad acts' evidence can ever be admitted as

---

[3] OEC 401 defines relevant evidence as

"evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

(Emphasis added.) As the *Johns* court explained:

"In examining any evidence to be admitted under OEC 404(3), the trial judge must not jump immediately into the listed categories or exceptions before determining the basic relevancy of the proffered evidence. Before evidence of another crime, wrong or act may be introduced, the trial judge must determine the act's relevancy to the issues being tried. The admissibility of evidence of other crimes must not be based upon the relationship of the evidence to one of the listed categories, rather it must be based on its relevancy to a fact at issue in the trial."

301 Or at 549.

being relevant to intent where, as here, the defense is that the charged crime never occurred."

169 Or App at 534. However, in *Leach*, the court determined that it need not resolve that question, because the evidence proffered did not meet the *Johns* criteria. Therefore, consistently with *Leach*, we first consider whether the evidence here met the *Johns* criteria:

"(1) Does the present charged act require proof of intent?

"(2) Did the prior act require intent?

"(3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4) Was the type of prior act the same or similar to the acts involved in the charged crime?

"(5) Were the physical elements of the prior act and the present act similar?"

*Johns*, 301 Or at 555-56.

Again, defendant argues that the evidence did not meet the third, fourth, and fifth criteria. We need not address whether the evidence meets the third and fourth criteria, however, because we conclude that it did not meet the fifth. In *State v. Pratt*, 309 Or 205, 214, 785 P2d 350 (1990), the court explained that, in applying that criterion, similarities, even if they exist,

"cannot be considered in a vacuum. The circumstances of each crime as a whole must be compared. First, the trial judge must find that there are significant similarities in the physical elements of the two crimes. If that test is met, then the trial judge must consider the differences between the physical elements of the two crimes. The differences may be minimal—for example, the offender may have used different words to indicate his intent. On the other hand, the differences may be so great that they overwhelm the similarities. The point is: The dissimilarities must be as fully considered as the similarities in answering this question.

"Determining what constitutes a significant similarity is a matter to be decided on a case-by-case basis. Some similarities are so common as to be trivial (for example, the offender spoke English during both crimes) while others

may be so unusual as to be significant even standing alone (for example, the offender spoke a foreign language when he intended to rape, but spoke English otherwise). Most often the significance of the similarities will arise out of their combination."

*See also State v. Sheets*, 160 Or App 326, 331, 981 P2d 815 (1999), *rev den*, 332 Or 632 (2001) ("The similarities * * * between the two [acts] have no legal significance under OEC 404(3) unless they have a tendency to make it more probable that [the] defendant acted intentionally or knowingly.").

According to the state's motion to admit evidence relating to defendant's 1991 convictions, the incident leading to those convictions consisted of the following physical elements: Defendant, who was then 24 years old, and his high-school-aged brother "arranged to pick up" two female high school students. Defendant "made alcohol available" to one of the girls, aged 14, then took her into a bedroom and engaged in sexual intercourse with her.[4]

By comparison, in this case, the victim was the daughter of defendant's girlfriend. The state alleged that, while defendant and the victim were watching television together, defendant provided alcohol to the victim, then touched her clothed breast. Thus, although defendant provided alcohol to each of the victims, other circumstances of the two incidents were not similar, including the relationship between defendant and the victim and, particularly, the type of touching involved. In short, the physical elements of the 1991 act, considered as a whole, were not sufficiently similar to those of the currently charged act to be probative of defendant's intent. *Compare State v. Cockrell*, 174 Or App 442, 449, 26 P3d 169, *rev den*, 332 Or 656 (2001) ("surrounding physical circumstances" of prior and currently charged acts were similar, including the absence of alcohol, drugs, violence, or coercion; the "types of touching"; and the defendant's responses when confronted about his conduct); *with State v. Irons*, 162 Or App 512, 522-23, 987 P2d 547 (1999), *rev den*, 330 Or 120 (2000) (physical elements of prior acts, involving sexual intercourse, were not sufficiently similar to

---

[4] Defendant apparently does not dispute the state's characterization, in its pretrial motion, of those facts and circumstances.

physical elements of currently charged act, involving applying lotion to the child victim's "crotch" and "tak[ing] baths naked" with her); *State v. Dibala*, 161 Or App 99, 105-06, 984 P2d 302 (1999), *rev den*, 332 Or 632 (2001) (physical elements of prior incident, involving touching the victims' clothed genitals with his hands in the victims' bedrooms, were not sufficiently similar to the currently charged incident, involving placing children on his lap in his truck and rubbing his erect penis against their buttocks); *Sheets*, 160 Or App at 331 (physical elements of earlier incident, involving attempted intercourse with an 11-year-old female, were not sufficiently similar to physical elements of the currently charged incident, involving attempting to make contact between his and the five-year-old female child's unclothed crotch areas while bouncing the child on his stomach).

■ Having concluded that evidence relating to defendant's 1991 convictions did not meet the *Johns* test for evidence offered under OEC 404(3) to prove intent, we need not answer the question identified in *Leach:* whether evidence is relevant for that purpose where, as here, defendant's theory of defense was that the charged crime never occurred. We turn, instead, to the question whether the evidence was admissible for the alternative purpose for which the state offered it, namely, to show defendant's plan. *See Leach*, 169 Or App at 536 (requirements established in *Johns* do not apply to all "non-propensity" bases for admission of evidence; evidence that is not admissible under *Johns* to show intent may be admissible under OEC 404(3) as proof of "plan" or "preparation") (citing *State v. Hampton*, 317 Or 251, 257, 855 P2d 621 (1993)).

■ Evidence is admissible to show a "plan" if the other act was "nearly identical in method" or there is a "concurrence of common features [such] that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." *State v. White*, 53 Or App 856, 861, 632 P2d 1363 (1981) (citing *State v. Manrique*, 271 Or 201, 208-10, 531 P2d 239 (1975)). For example, in *Leach*, the defendant was charged with sexual abuse of a child. The state sought to admit evidence of an incident in which the defendant asked the child victim and her friend whether they had any "body hair" and a second incident in which he asked the victim and a different friend

whether they had any pubic hair, asked the friend whether he could see her pubic hair, and pulled at the waistband of that child's underpants. The state argued that the evidence was relevant to show the defendant's plan to engage in grooming behavior and to "desensitize" the child victim to sexual overtures. This court concluded that the evidence was relevant for that purpose. 169 Or App at 534, 536-37.

In *State v. Kim*, 111 Or App 1, 824 P2d 1161, *rev den*, 314 Or 176 (1992), after the defendant was charged with murdering an acquaintance, the state sought to admit evidence that he had abused and then murdered his wife. This court agreed that the evidence was relevant to show the defendant's plan to kill both his wife and his acquaintance and to marry the acquaintance's wife. *Id.* at 4-5.

In *White*, the defendant was charged with theft of equipment, and the state sought to admit evidence that, on other occasions, the defendant had used the same fictitious name and had had equipment delivered to the same location at around the same time as occurred in the charged crimes; the court determined that the evidence was admissible as evidence of the defendant's plan. 53 Or App at 861.

Finally, in *Manrique*, the court held that evidence of the defendant's previous sales of heroin was *not* admissible as evidence of his plan in his prosecution for the offense of criminal activity in drugs. *Former* ORS 167.207, *repealed by* Or Laws 1977, ch 745, § 54. 271 Or at 208-13.

As the described cases indicate, "other acts" evidence is admissible to show a plan when it shows sequential events or an overall scheme that includes or relates to the charged act. In this case, the state sought to admit evidence relating to defendant's 1991 convictions to show defendant's "plan" of first offering young girls alcohol and then engaging in sexual behavior with them. The problem with that theory is that defendant's conduct relating to his 1991 convictions was totally unconnected to the conduct charged in this case. The two incidents occurred at least seven years apart. Nor did the occurrence of the prior incident logically lead to the occurrence of the current one. Rather, the evidence served only to show defendant's propensity to offer a victim alcohol and make sexual advances—to show that, "if he did this before, it is more likely that he did it this time." Because defendant's

conduct resulting in his 1991 convictions was totally unrelated to the conduct charged in this case, the evidence was not admissible to show defendant's plan.

The state also argues that evidence relating to defendant's 1991 convictions was admissible to defeat defendant's assertion that the victim in the current case fabricated the incident. We rejected a similar argument in *Osborne. See* 174 Or App at 91-93; *see also State v. Baughman,* 164 Or App 715, 995 P2d 551 (2000), *rev dismissed,* 333 Or 596 (2002).

Because evidence relating to defendant's 1991 convictions for rape in the third degree and furnishing alcohol to a minor was not admissible under OEC 404(3) as evidence of defendant's intent or his plan, the trial court erred in admitting the evidence. As noted, the state concedes that error in that regard is not harmless and, based on the lack of a trial record, we accept the concession. Accordingly, we reverse and remand for a new trial.

Reversed and remanded for new trial.

**OSBORNE, J. pro tempore,** dissenting.

I disagree with the majority that the physical elements of defendant's prior convictions are not sufficiently similar to the acts at issue in this case to satisfy *State v. Johns,* 301 Or 535, 555-56, 725 P2d 312 (1986). I would hold that the evidence is similar enough, that the other *Johns* criteria are satisfied as well, and that the probative value of the evidence was not substantially outweighed by the danger of prejudice. I would, therefore, affirm the trial court.

As the majority correctly notes, the first issue is whether the evidence of defendant's 1991 convictions for rape in the third degree and furnishing alcohol to a minor are relevant to some issue other than defendant's propensity to commit a crime. *Johns,* 301 Or at 549. In this case, defendant argues that intent is not an issue, because his defense at trial was that he did not touch the victim's breast at all. The state argues that whether an element of an offense is disputed does not mean that it must not be proven. I agree with the state that, because it has the burden of going forward and proving its case with all relevant evidence at its disposal, the fact that

defendant chose not to dispute a particular element does not mean that evidence relating to it is not relevant.

Having determined that the evidence is relevant, I would then turn to the *Johns* criteria:

"(1) Does the present charged act require proof of intent?

"(2) Did the prior act require intent?

"(3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4) Was the type of prior act the same or similar to the acts involved in the charged crime?

"(5) Were the physical elements of the prior act and the present act similar?"

*Johns*, 301 Or at 555-56. In this case, defendant argues only that the evidence did not meet the third, fourth, and fifth criteria.

Regarding the third criterion, the victim of the crimes resulting in defendant's 1991 convictions was the same age and gender and therefore was in the same class as the 14-year-old female victim in this case.

Regarding the fourth criterion, the types of acts— namely, sexual conduct and offering alcohol to a minor— were the same in both instances.

Regarding the fifth criterion, the majority is correct that, under *State v. Pratt*, 309 Or 205, 213-15, 785 P2d 350 (1990), we review the trial court's determination as a matter of law and that we must take into account both the similarities and the differences between the prior and current acts. Having said that, I confess that *Pratt* is less than satisfying in that it offers no *objective* way for us—or, more importantly, for the trial courts—to draw the conclusion that crimes either are sufficiently similar or are not. The inquiry is essentially subjective. Given that, I would defer to the trier of fact, who is in the best position to make that determination. I would conclude that, given the facts that sexual contact and furnishing alcohol to minors were involved in both instances, the trial

court did not err in concluding that they were sufficiently similar to satisfy *Johns*.

I would then turn to the question whether the probative value of the evidence of prior bad acts is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, or presentation of cumulative evidence, as provided in OEC 403. That question is reviewed for an abuse of discretion. *State v. Barone*, 329 Or 210, 238, 986 P2d 5 (1999). One of the factors to be weighed by the trial court when making that evaluation is the state's need for the evidence or the availability of other means of proof. In this case, defendant argues that, because his defense was that the sexual contact never occurred, the state's need to prove intent was not great, while the potential for unfair prejudice was significant. Even assuming that to be the case, however, the fact remains that this case was tried to the court rather than to a jury. Indeed, the trial court stated on the record its misgivings about the evidence. From that, I would infer that the court did not give it undue weight. Nor, in a trial to the court, is there a need to be concerned about misleading the jury, undue delay, or a needless presentation of cumulative evidence. I would conclude that the trial court did not abuse its discretion.

In short, I would hold that the evidence of defendant's prior convictions was admissible as proof of his intent and, on that basis, would affirm.