Argued and submitted February 2, affirmed November 20, 1996, petition for review
denied May 27, 1997 (325 Or 369)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD LEE WERT,
*Appellant.*

## (C940244CR; A88070)

927 P2d 1103

Philip A. Lewis argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his conviction for sexual abuse in the first degree for touching the buttocks of the nine-year-old victim. We write only to address his argument that the trial court erred in admitting evidence of an incident involving another child and affirm.

Defendant, a neighbor of the victim, was building an experimental aircraft in his garage, and the victim enjoyed going there to watch. In September 1993, the victim was in the garage and defendant was explaining some blueprints to her. He was seated at a desk and she was standing beside him. Defendant began rubbing his hand in a circular motion over the victim's buttocks and continued to do so for about three minutes. Defendant made no sexual or romantic remarks to the victim and continued to talk about the blueprints. The victim testified that she was uncomfortable and frightened and soon left.

Two or three days later, the victim went back to defendant's house in the company of her twelve-year-old friend, Ella, with whom she felt "safe." They watched a video with defendant about flying, and the victim then left to go home. Ella stayed. She testified that as she was "sitting on her knees" next to defendant in front of the TV, defendant began touching her leg, rubbing it up to "the crease" of where her leg joined her body. She felt uncomfortable and scared and, after she made an excuse to leave, defendant said that she was pretty and that he wished that she were older or that he were younger.

Defendant admitted that he touched the victim on her buttocks, but claimed that the touching was an accident or mistake and that his conduct was completely without sexual intent. As an element of its case, the state had to prove that defendant had the intent to arouse or gratify himself or the victim sexually when he touched the victim. ORS 163.305(6); ORS 163.427(1)(a). To rebut defendant's claim of accident, the state sought to introduce evidence of defendant's conduct

with Ella. The trial court ruled that that evidence was admissible pursuant to OEC 404(3).[1] Defendant assigns error to the court's ruling.

■ The proponent of uncharged misconduct evidence must convince the court that the evidence is not only logically relevant but also that its probative value is not substantially outweighed by any attendant danger of unfair prejudice. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987); *State v. Johns*, 301 Or 535, 555-56, 725 P2d 312 (1986).[2] The judge errs if the judge fails to exercise discretion, refuses to exercise discretion or fails to make a record that reflects an exercise of discretion.

■■ Defendant cursorily contends that the state did not make a showing from which the court could have found that the evidence was logically relevant. However, we agree with the state that, under the analysis set out by the Supreme Court in *Johns*, the evidence preliminarily qualified for admission under OEC 404(3) as relevant to prove defendant's intent.[3] The sexual-abuse charge required proof that defendant intended sexual arousal or gratification when he touched the victim, and the incident involving Ella also

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

[2] On appeal, defendant contends that the record does not show that the trial court engaged in the balancing tests required by OEC 403. We do not agree that the record is not sufficient for appellate review. *See State v. Meyers*, 132 Or App 585, 588-89, 889 P2d 374 (1995) (court did not follow *Mayfield* analysis on the record but record was adequate to determine that trial court properly exercised discretion). The court held that the evidence would be allowed "as it relates to intent, lack of mistake or accident." That ruling was made after the state submitted a memorandum tracking the *Johns* analysis step by step, a hearing was held in which the parties discussed the relevancy and prejudice of the evidence and defendant submitted a memorandum. The court's order taking the matter under advisement noted that the ruling would be made "after all the materials presented are reviewed by the court."

[3] The court should determine (1) if the charged offense requires proof of intent; (2) if the other act required intent; (3) if the victim in the other act was the same victim or in the same class as the victim in the present case; (4) if the type of other act was the same or similar to the acts involved in the charged crime; and (5) if the physical elements of the other act and the present act are similar.

required intent of sexual gratification; both the victim and Ella were in the same class of victims, *i.e.*, neighbor children interested in defendant's airplane; the incidents of physical abuse were similar in where and how they occurred and in defendant's fondling the lower bodies of the girls.

■■    Defendant argues, however, that even if the state established the relevance of the uncharged misconduct, the inflammatory nature of the evidence far outweighed its probative value. OEC 403.[4] In *Mayfield,* the Supreme Court set out the four-step analysis that a trial court should make in determining the admissibility of evidence under OEC 403:

> "First, the trial judge should assess the proponent's need for the uncharged misconduct evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

We review a court's decision under OEC 403 only as to whether the court's ruling was within the reasonable range of discretion. If the record supports either exclusion or admission, we must affirm. *Pfeifer v. DME Liquidating, Inc.,* 101 Or App 106, 110, 789 P2d 266 (1990).

Defendant argues that the uncharged misconduct evidence here was no stronger than the evidence of defendant's guilt of the charged crime. Therefore, he contends, the uncharged misconduct evidence was of little probative value

---

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentations by cumulative evidence."

to any issue at trial. We do not agree. As the Supreme Court noted in *Johns*, 301 Or at 551:

> "Intent or state of mind is often the most difficult element of a crime to prove because many crimes are unwitnessed and even if a witness is present, the witness can only surmise the actor's state of mind[,] * * * and therefore courts very liberally admit the prior crime evidence to prove *mens rea*."

Although, as the state acknowledges, the jury could conclude that defendant was a "bad man" because of his overtures to Ella and could be distracted from the charged offense, the state needed the evidence. Defendant had said nothing of a sexual or romantic nature when he touched the victim, and he claimed that the touching was accidental. From the evidence of the incident with Ella, the jury could infer that defendant touched Ella for sexual gratification. Given the similarity of the uncharged and charged misconduct and the closeness in time of the two incidents, the incident with Ella had probative value in showing that defendant's intent in touching the victim was the same as his intent in touching Ella. *See Johns*, 301 Or at 555 (the greater the similarity between the acts and the greater the closeness in time, the greater the probative value). The court's determination that the prejudice did not outweigh the state's need for the evidence was within the court's range of discretion. We find no error.

Defendant's remaining assignments do not require discussion.

Affirmed.