Argued and submitted May 21, 1997, affirmed in part and reversed and remanded in part on appeal; affirmed on cross-appeal January 7, 1998

# STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

# LARRY V. SULLIVAN,
*Respondent - Cross-Appellant.*

## (C952801CR; CA A92416)

952 P2d 100

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant - cross-respondent. With her on the briefs were Theodore R. Kulongoski, Attorney General (opening brief), Hardy Myers, Attorney General (brief on cross-appeal), and Virginia L. Linder, Solicitor General.

Marc D. Blackman argued the cause for respondent - cross-appellant. With him on the brief was Ransom, Blackman & Maxfield.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Defendant, a Tri-Met bus driver, is charged with public indecency, ORS 163.465. The state appeals from a pretrial order excluding evidence of defendant's past sexual behavior.[1] Defendant cross-appeals, challenging the portion of the pretrial order that denied his motion to admit exculpatory polygraph evidence. On the appeal, we affirm in part and reverse and remand in part; we affirm on the cross appeal.

The indictment alleges that DH, a mentally handicapped woman who was not herself charged, performed an act of oral sex on defendant in the rear of a Tri-Met bus during a layover. Before trial, defendant filed a motion for disclosure of intent to offer evidence under OEC 404(3). In response, the state filed a motion *in limine,* asking for a pretrial ruling on (1) the admissibility of evidence of defendant's sexual relationship with DH and (2) the admissibility of evidence of defendant's "pattern, plan and common scheme to engage in sex with other mentally handicapped women, similarly situated to [DH]."

Following a hearing, the trial court issued an order excluding both of the categories of proffered evidence. The state assigns error only to the exclusion of evidence pertaining to defendant's past sexual relations with DH.

The state and defendant disagree about the scope of the trial court's order regarding defendant's past sexual relations with DH. The state contends that the order excludes all evidence of defendant's past sexual acts with DH, both in private and in public. Defendant contends that the trial court excluded only evidence concerning prior *private* sexual acts with DH and others. However, the state's motion clearly put into issue both the private and public acts of defendant, and the order denied "[e]vidence of Defendant's Prior Sexual Conduct with [DH]." We agree with the state that the trial court's order excluded both the public and private acts.

---

[1] Neither party makes any argument regarding the applicability of Oregon Laws 1997, chapter 313, section 1, to this issue.

Accordingly, we consider defendant's past private sexual relations with DH, and defendant's prior public sexual acts with DH. We discuss the latter category first. The state argues that the trial court erred in excluding evidence of defendant's prior public sexual acts, holding that "whatever relevance the evidence might have * * * is far outweighed by the prejudicial effect."

OEC 404(3) governs the admissibility of evidence of other crimes, wrongs or acts when offered to prove something other than propensity:

"(1) The evidence must be independently relevant for a non-character purpose; (2) the proponent of the evidence must offer sufficient proof that the uncharged misconduct was committed and that defendant committed it; and (3) the probative value of the uncharged misconduct evidence must not be substantially outweighed by the dangers or considerations set forth in OEC 403. Each of these requirements must be satisfied before uncharged misconduct evidence is admissible under OEC 404(3)." *State v. Johnson*, 313 Or 189, 195, 832 P2d 443 (1992) (footnotes omitted).

We review the first two tests, which are relevancy considerations, as issues of law in which the court assesses whether the evidence has any tendency to establish a fact in dispute. *State v. Hampton*, 317 Or 251, 254-56, 855 P2d 621 (1993); *State v. Johns*, 301 Or 535, 725 P2d 312 (1986); *Fugate v. Safeway Stores, Inc.*, 135 Or App 168, 173, 897 P2d 328 (1995). We review, for abuse of discretion, the trial court's determination of whether OEC 403 considerations justify exclusion of evidence of prior bad acts. *State v. Wieland*, 131 Or App 582, 589, 887 P2d 368 (1994); *State v. Kim*, 111 Or App 1, 5-7, 824 P2d 1161, *rev den* 314 Or 176 (1992). Abuse of discretion occurs when the trial court's discretion "is exercised to an end not justified and clearly against the evidence and reason." *State v. Parker*, 119 Or App 105, 109, 849 P2d 1157, *rev den* 317 Or 584 (1993).

In its offer of proof of prior incidents of public indecency, the state represented that a friend of DH would testify that, on a date prior to the charged incident, she had seen DH performing an act of oral sex on defendant in the back of a Tri-Met bus during a layover. The state also said that DH's

roommate would testify that she saw DH and defendant touching each other sexually through their clothes and observed defendant expose himself to DH on the bus.

To prove its charge of public indecency under ORS 163.465, the state must prove that defendant (1) participated in a sex act with DH, (2) did so in public view, and (3) did so knowingly.[2] The state argues that evidence that defendant participated in exhibitionist sex acts with DH on other occasions is relevant because it tends to prove each of these material elements. Defendant has denied that the charged act was in fact of a sexual nature and maintains that he has never engaged in any sexual act with DH.

We agree with the state that the evidence concerning the sexual conduct that occurred while in and/or in view of a public place is relevant. Under OEC 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under *Johns*, the degree of similarity of the prior acts to the charged acts is a significant factor in assessing relevancy. The more similar, the more probative weight they possess. 301 Or at 555-56. Here the proffered evidence is directly relevant towards proving elements of the charged crime, namely that defendant and DH were engaging in a sexual act in public or in public view. Testimony that defendant and DH engaged in sex in public under circumstances nearly identical to the charged act is relevant to show that it is more likely that the charged act was in fact of a sexual nature and not misconstrued as defendant claims. When defense evidence is predictable, the state may meet that evidence in its case in

---

[2] In its memorandum of supplemental authorities, the state cites *State v. Louis*, 296 Or 57, 672 P2d 708 (1983), to demonstrate the "knowingly" element of the charged crime. In that case, a previous incident of public indecency by the defendant in his living room that resulted in a complaint to police was deemed relevant under OEC 404(3) to show knowledge that the defendant was aware that his living room was in public view. Evidence of a previous sexual act by defendant and DH in public cannot be admitted to show knowledge by defendant that the act was of a sexual nature, as the state contends in this case. That defendant and DH were in public is not challenged. Defendant is denying only that a sexual act transpired, not that oral sodomy is a sexual act.

chief and need not await rebuttal to disprove it. *State v. Zybach*, 308 Or 96, 100-01, 775 P2d 318 (1989).

The circumstances here are similar to those we considered in *Parker*. In *Parker*, we ruled that the defendant's multiple sex acts committed on two victims were probative of his sexual intent in order to negate a claim of accidental touching. 119 Or App at 108-09. There, the defendant, charged with sexual abuse of three girls aged nine, 10, and 11, told a detective that, "if he had touched any of the girls, it certainly would not have been on purpose." *Id.* at 108. In *Parker,* the crucial element to prove was the sexual *intent* of the act; in this case, it is the sexual *nature* of the act. However, in both cases, the crux of the defense is that the defendant's act was misconstrued.

Here, the state must prove that defendant was engaged in a *sexual act* in public. That defendant engaged in such acts in public previously with DH makes it more probable that the charged act was of a sexual nature. The evidence of the prior misconduct is therefore relevant.

■      The trial court also held that the prejudicial effect of evidence concerning the previous sexual relations between defendant and DH, including the evidence of past public sexual acts between them, substantially outweighs its probative value. We disagree.

Probative value is weighed against prejudice according to five considerations set out in *Johns*. 301 Or at 557-59. Although the trial court did not explicitly go through the five points of the *Johns* test as required, we assume, because the state explicitly outlined the five points in the record, that the trial court considered each. *See State v. Wert*, 144 Or App 581, 584 n 2, 927 P2d 1103 (1996), *rev den* 325 Or 369 (1997) (we reviewed under OEC 403 despite the trial court not having adumbrated the *Johns* analysis because the state submitted a memorandum tracking the *Johns* analysis step by step). Defendant agrees that the trial court considered all five factors in making its decision, stating in his brief that

"the court's colloquy with counsel and its subsequent letter opinion demonstrate that it 'did engage in the "conscious

process of balancing the costs of the evidence against its benefits" that OEC 403 requires.' "

Defendant challenges primarily the inflammatory effect on the jury and the likelihood of confusion. The state contends that the evidence of prior public sexual conduct between defendant and DH is so similar to the conduct charged that it is unlikely to prejudice the jury to the point it makes a decision based on improper grounds. Under the circumstances of this case, we agree with the state.

Defendant also claims that the evidence would be time consuming because of the challenge to the witnesses' competency. He does not, however, demonstrate why any challenge would unduly delay the proceedings. The state asserts that the two witnesses' testimony will consume only a matter of minutes. We conclude that the trial court abused its discretion by excluding the evidence of prior public acts under OEC 403.

■ The trial court's order also excluded evidence from three of DH's friends concerning past *private* sex acts between DH and defendant. The state argues that the evidence is relevant on the same grounds already considered. However, we agree with defendant that the evidence concerning the private acts is not relevant. As defendant points out, the fact that a couple has been intimate with one another for years in private does not make it more likely that they would commit indecedent acts in public. The trial court did not err in excluding the evidence from three of DH's friends concerning past private sex acts between DH and defendant.

■ Defendant cross-appeals, assigning error to the trial court's ruling that excluded evidence of polygraph tests of defendant and DH that purportedly confirm that the charged conduct was not of a sexual nature. Under *State v. Brown*, 297 Or 404, 687 P2d 751 (1984), polygraph evidence is inadmissible *per se*. Defendant argues that scientific advances since that ruling have made polygraph results more reliable. We are, however, bound by the Supreme Court's decision. The trial court did not err in excluding the proffered polygraph evidence.

On appeal, affirmed as to evidence concerning prior private sex acts and reversed and remanded as to evidence concerning prior public sex acts; affirmed on cross appeal.