Argued and submitted May 18, reversed and remanded in part; otherwise affirmed
August 30, 2000

# STATE OF OREGON,
*Appellant,*

*v.*

# RONALD LESLIE LEACH,
*Respondent.*

## (98082072F; CA A106514)

9 P3d 755

Katherine H. Waldo, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Chris W. Dunfield argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

De Muniz, P. J., concurring.

## HASELTON, J.

The state appeals from a pretrial order excluding evidence in a prosecution for child sex abuse. The trial court concluded that OEC 404(3) precluded the admission of testimony describing two incidents in which defendant, *inter alia*, questioned the complainant and two of her young friends about their physical development. We affirm in part and reverse in part.

Defendant is charged with three counts of sexual abuse in the first degree, ORS 163.427, involving his stepdaughter, S. The first count alleges conduct occurring between June 1992 and June 1995, when S was between nine and 12 years old, and the second and third counts allege conduct occurring between June 1995 and June 1997, when S was between 12 and 14 years old.

Before trial, defendant moved to exclude evidence of two incidents that both occurred in the summer of 1993 when S was 10. In the first incident, S and her friend, A, who was also about 10 years old, were watching television with defendant and S's mother. As they watched, defendant turned to the girls and asked them "if they had any body hair." A did not reply and could not recall whether S replied.

In the second incident, which occurred at about the same time, defendant asked S and her friend B, who was also about 10, whether they had any pubic hair. Both girls replied that they did. Defendant then asked B if he "could see hers" and pulled on the elastic waistband on the front of her panties. When B slapped defendant's hands, he let go.

Defendant contended that evidence of those incidents should be excluded under OEC 404(3)[1] as being irrelevant for any purpose other than as showing defendant's propensity for child sexual abuse. Defendant further argued

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

that, to the extent the state contended that the evidence was probative of intent, intent was not a disputed matter—*i.e.*, defendant's position was that the alleged abuse never occurred; he did not claim that any touching was innocent or accidental. In all events, defendant asserted, evidence of the alleged prior incidents could not meet the cumulative five-fold test for relevance set out in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986). Finally, defendant contended that, even if the evidence were somehow relevant, its probative value would be substantially outweighed by the potential of undue prejudice and confusion. *See* OEC 403.

The state responded that evidence of defendant's comments to S was relevant not only to intent but also to "plan" or "preparation." The prosecutor argued, particularly, that "defendant was trying to desensitize the victim in order to perform the crimes"—that defendant was "engaging in grooming type of behavior with the victim." The state further argued that defendant's remarks to A and B and his conduct towards B were also relevant to intent and corroborated S's account of the two 1993 incidents. Finally, the state argued that OEC 404(4) precluded any balancing of probative value versus prejudicial impact in these circumstances.[2]

The trial court granted the motion to exclude, reserving its ability to revisit that ruling depending on developments at trial:

"As already expressed by the Court, the rulings here on a Motion to Exclude are not rulings of absolute exclusion because certain facts or issues which are raised at trial may

---

[2] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) ORS 40.180, 40.185, 40.190, 40.195, 40.200, 40.205, 40.210 [OEC 406-412] and, to the extent required by the United States Constitution or the Oregon Constitution, ORS 40.160 [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

That statute was enacted as part of Senate Bill 936, which we sustained in *State v. Fugate*, 154 Or App 643, 963 P2d 686, *on recons* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999). The indictment in this case issued in August 1998, after the effective date of SB 936.

make the prior acts admissible for a different reason than presently anticipated.

"However, absent such additional reasons for admissibility, the two acts referenced in Defendant's motion would only have relevancy to show Defendant's bad character or Defendant's propensity to act in conformity therewith. Therefore, pursuant to OEC 404(3), the Defendant's motions are granted. The Court would also state that even if the Court could find that Defendant's referenced prior acts were admissible to show plan or preparation by desensitization as suggested by the State, the Court would still have to find under OEC 403 that the potential prejudice of the prior acts substantially outweighs any probative value."

The state appeals. For purposes of analytic coherence, we consider, in turn: (1) Defendant's comments to S; (2) defendant's comments to A and B; and (3) defendant's conduct in tugging at B's panty waistband.

On appeal, as before the trial court, the state argues primarily that evidence of defendant's questions and comments to S about "body hair" and pubic hair is admissible as relevant to defendant's intent and to "plan" or "preparation."[3] We agree with the trial court that that evidence is not relevant to intent. However, the trial court erred, on this record, in concluding that the evidence was not relevant to "plan" or "preparation." Moreover, to the extent the trial court invoked "balancing" under OEC 403 as an alternative basis for excluding the evidence, that alternative ground was also erroneous. OEC 404(4).

 We note, at the outset, that there is a substantial and unresolved question as to whether "prior bad acts" evidence can ever be admitted as being relevant to intent where, as here, the defense is that the charged crime never occurred.[4]

---

[3] The state also argued, and on appeal briefly reiterates, that the evidence was probative of defendant's opportunity to abuse S. Before the trial court, defendant responded—and the court implicitly agreed—that, even assuming that the fact that defendant had been alone with S and A on at least one occasion was marginally relevant to "opportunity," the substance of his remarks was not. We agree.

[4] But cf. State v. Sullivan, 152 Or App 75, 79 n 2, 952 P2d 100 (1998) (where the defendant did not dispute that he and the complainant were in public view and acknowledged that the alleged act, if it occurred, was of a sexual nature, evidence that the defendant had previously engaged in "exhibitionist sex acts" with the same victim on other occasions was not admissible as relevant to the "knowing" element of the crime of public indecency, ORS 163.465).

That is, this is not a case of allegedly "innocent" or "accidental" ambiguous conduct. We need not resolve that question, however, because the proffered evidence does not satisfy *Johns*'s cumulative relevancy test:

"1) Does the present charged act require proof of intent?

"2) Did the prior act require intent?

"3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"4) Was the type of prior act the same or similar to the acts involved in the charged crime?

"5) Were the physical elements of the prior act and the present act similar?" 301 Or at 555-56.

Here, at the least, evidence of defendant's prior statements to S did not meet *Johns*'s fourth (similarity of type of act) and fifth (similarity of physical elements) requirements. Asking a 10-year-old girl questions about her sexual development in the presence of her mother or friends is not the same or similar type of act as the intimate physical contact, constituting sexual abuse in the first degree, that is charged here.[5] Moreover, although defendant allegedly commented on S's sexual development while engaging in the charged crimes, the differences in "physical elements" are manifest: The prior incidents involved comments and questions to S, without any physical touching, in the presence of others. Consequently, the trial court correctly concluded that evidence of defendant's alleged remarks to S was irrelevant to intent.[6]

---

[5] The indictment alleged that defendant had subjected S to "sexual contact by touching her breast and vaginal area" and "by causing [S] to touch his penis."

[6] On appeal, the state also argues that evidence of defendant's alleged comments to S was admissible to prove defendant's " 'sexual predisposition' to this particular victim." In support of that argument, the state relies primarily on *State v. McKay*, 309 Or 305, 787 P2d 479 (1990). Based on our review of the record, we do not understand the state to have raised that theory of admissibility before the trial court and, hence, do not address it. *Cf. State v. Wilhelm*, 168 Or App 489, 493, 3 P3d 715 (2000) ("romantic," "very intimate" letters from adult defendant to 13-year-old complainant were relevant and admissible "to demonstrate [the defendant's] sexual predisposition for this particular victim").

■ ■ The same analysis does not, however, preclude admission of the same evidence as proof of "plan" or "preparation." Although defendant seems to assume otherwise, *Johns*'s requirements do not apply to all "non-propensity" bases for admissibility, including those specifically identified in OEC 404(3). *See, e.g., State v. Hampton*, 317 Or 251, 257, 855 P2d 621 (1993) (proof of the defendant's "parole status," including fact that there was an outstanding warrant for his arrest for a parole violation, was admissible as relevant to motive in the defendant's trial for assault of a police officer: "[T]he evidence of defendant's parole status tended to prove a relevant, noncharacter purpose that defendant had a motive to assault the officer."). Rather, *Johns*, by its terms, controls only where "prior bad acts" evidence is offered to prove intent. *See Johns*, 301 Or at 535. *See also State v. Pratt*, 309 Or 205, 210-11, 785 P2d 350 (1990).[7] Thus, the fact that the proffered evidence does not meet *Johns*'s fourth and fifth requirements does not mean that it is not relevant to "plan" or "preparation."

We return to the state's theory of relevance: Defendant's comments to S were a part of a scheme to "desensitize" her to sexual subject matter so that she would ultimately be more susceptible to defendant's advances. In a word: grooming. That theory was explicitly presented to the trial court, *see* 169 Or App at 533, and defendant's only *relevance* response was that the evidence did not satisfy *Johns*.[8] On

---

[7] A variation of the "similar physical elements" requirement applies when evidence of prior conduct is offered as proof of identity in the true "signature crime" context. *See, e.g., State v. Pinnell*, 311 Or 98, 110, 806 P2d 110 (1991); *State v. Barnum*, 157 Or App 68, 73-74, 970 P2d 1214 (1998), *rev allowed* 328 Or 594 (1999).

[8] Defendant also generally objected that litigating whether the prior misconduct occurred would be a "sideshow to this—to what should be the issues before the jury"; that "it's way stale"; and that "all those things * * * are simply going to confuse the issue to the jury and not make it more clear." Defense counsel continued:

"[I]t is unfair to say, 'well, we're going to wait, you know, four-and-a-half years and then we're going to bring it in as uncharged conduct,' and then assure ourselves that the jury can sort that out and just use it for some narrow purpose. That won't happen. This evidence is so much more prejudicial than it is probative. I think it is almost a given that that wouldn't happen.

"But once again, and I don't want to get too distracted into some of the things that [the State] is bringing up, because the main problem with the State's position is that it can't meet the five factor test of *Johns*. It doesn't meet it, and if it doesn't meet it the evidence is excluded, and the rest of the analysis doesn't have to be made."

appeal, defendant's only relevance response is to invoke *Johns*. Defendant did not argue to the trial court—and does not argue on appeal—that, to demonstrate relevance, the state was required, as a foundational matter, to present expert testimony that defendant's comments constituted "grooming." *See State v. Stafford*, 157 Or App 445, 972 P2d 47 (1998), *rev den* 329 or 358 (1999) (addressing related issues). That issue simply was not before the trial court and, in this posture, is not before us.[9]

In sum, the trial court concluded, without elaboration, that the evidence was irrelevant to "plan" or "preparation," *see* 169 Or App at 534, and the only discernible basis in the record for that ruling is erroneous. Defendant urges no alternative basis for affirmance with respect to relevance—and, in this posture, we perceive none.[10] Consequently, we conclude that the trial court erred in determining that evidence of defendant's alleged comments to S was irrelevant to "plan" or "preparation." Further, to the extent that the trial court purported to rule, alternatively, that the evidence, if relevant, could be excluded under OEC 403 as more prejudicial than probative, such "balancing" was error. OEC 404(4).

■ We proceed to the admissibility of defendant's comments to S's friends, A and B. The state argues, as it did to the trial court, that those remarks are relevant to intent. We reject that argument for the same reasons that we rejected it in the context of defendant's remarks to S. The state argues, alternatively, that S's friends' testimony would be admissible as corroborating a significant element of her account of the

---

We understand those arguments to pertain to the trial court's balancing function under OEC 403. However, such balancing is inappropriate in this context. OEC 404(4).

[9] We imply no view as to the correct resolution of that foundational issue, generally or specifically, if raised following remand in this case.

[10] Again, the expert witness/scientific evidence/foundational issue is not before us. Moreover, even if that matter had been raised for the first time on appeal as an alternative basis for affirmance, we might well have declined to consider it. *See State ex rel Juv. Dept. v. Pfaff*, 164 Or App 470, 478, 994 P2d 147 (1999) ("If, however, the alternative ground for affirmance * * * is asserted for the first time on appeal and it appears that the opposing party could have developed the record differently had that ground been raised at trial, then preservation principles preclude reliance on the new, alternative ground.").

charged crimes, *viz.*, that while sexually abusing S, defendant repeatedly expressed his interest in the development of pubescent girls. Whatever the merits and limitations of such a theory of "corroborative relevance" in other contexts,[11] the state did not raise that theory of admissibility before the trial court; consequently, we do not consider it.[12] The trial court correctly excluded evidence of defendant's alleged remarks to A and B.

■ Finally, the state argues that evidence that defendant tugged at B's panty waistband in an apparent effort to view her genital area was relevant to intent. That argument fails because, at the least, that alleged conduct does not meet *Johns*'s fourth and fifth requirements. The state's additional argument on appeal that such evidence would corroborate S's account of the charged crimes was not raised before the trial court, and we do not consider it. The trial court did not err in excluding that evidence.

Exclusion of evidence of defendant's alleged remarks to the complainant, S, reversed and remanded; otherwise affirmed.

**DE MUNIZ, P. J.,** concurring.

I write separately to emphasize that we are *not* holding that the state's proffered evidence of defendant's prior statements to the victim necessarily will come into evidence in this case. Our holding is that the trial court erred in granting defendant's pretrial motion *in limine* to exclude the evidence. The basis of our reversal is that the trial court erred in concluding that the evidence was not admissible under OEC 404(3) as proof of "plan" or "preparation." Because this case has not yet been tried, we are operating in the absence of facts, in a netherworld so to speak, and relying on the parties'

---

[11] *See, e.g., State v. Rood*, 118 Or App 480, 484-85, 848 P2d 128, *rev den* 317 Or 272 (1993) (evidence that the defendant had purchased x-rated videos was admissible to corroborate complainants' accounts that the defendant had watched x-rated videos while sexually abusing them).

[12] The only "corroboration" argument raised in the trial court was that B's and A's testimony would confirm S's account *of the two incidents in the summer of 1993*. Given our conclusion about the admissibility of S's testimony describing defendant's alleged remarks to her on those occasions, testimony by A and B that they heard defendant make the alleged remarks to S would be similarly admissible.

representations of what they think their evidence will establish. Although motions *in limine* may serve a valuable function in some cases, a trial court is always free to revisit a pretrial ruling if the facts or theory presented pretrial develop into something else at trial, or if, for example, a proper foundation is not laid for the evidence subject to the pretrial ruling. *See generally State v. Foster*, 296 Or 174, 182-83, 674 P2d 587 (1983) (whether to rule pretrial on evidentiary motions is left to the sound discretion of the trial court).

In this case, we have concluded that the evidence may fall within the "preparation" or "plan" provision of OEC 404(3) under the state's "grooming" theory. The foundational requirements for "grooming" evidence, however, are a hotly contested issue. In *State v. Stafford*, 157 Or App 445, 972 P2d 47 (1998), *rev den* 329 Or 358 (1999), a plurality of four members of this court expressed the opinion that no scientific foundation need be laid for "grooming" evidence of the sort at issue here. Two others agreed with the result on the ground that an adequate scientific foundation *had* been laid for the evidence. *Id.* at 460-66 (Deits, C. J., concurring). Three more judges believed that a foundation was required but had not been adequately established. *Id.* at 470-79 (Landau, J., dissenting). A final judge, myself, would not have reached the question of adequate foundation for the evidence at all because the threshold requirement of relevancy had not been established. *Id.* at 468-70 (De Muniz, J., dissenting).

In short, the foundational requirements for the type of evidence at issue in this case are an open question. I write to emphasize that, in ruling as we do, we are not foreclosing defendant from challenging the scientific basis of the state's proffered "grooming" evidence.